IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **FRED CROSS and FAMILY,** | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 5:05-cv-26(HL) |
| **JUDGE ARCH McGARITY, et al.,** | : | |
| Defendants. | : | |

## **ORDER**

On January 25, 2005, Plaintiff, Fred Cross, proceeding *pro se*, filed a complaint in this Court in which he detailed allegations of mistreatment at the hands of the courts and other public officials dating back to at least 1998. In the caption of his complaint Cross named five judges as Defendants; in a brief filed contemporaneously with the complaint, Cross identified seventeen other people as Defendants.

Despite having paid a filing fee of $150.00 to commence this action, as of June 20, 2005, Cross failed to effect service on the Defendants, as required by Federal Rule of Civil Procedure 4(m). As a result, the Court issued a Show Cause Order directing Cross to show why his case should not be dismissed for failure to effect service on Defendants within 120 days of the filing of the complaint. Cross filed a timely response to the Show Cause Order on June 27, 2005.

In the response to the Show Cause Order, Cross restates his allegations against the Defendants and his dissatisfaction with the treatment he has received thus far from the judicial system. In the process of expressing his dissatisfaction with the judicial system, Cross also

states the following:

> The judges were in command from Day 1 of this case; in this case under the standard of 42 U.S.C. §1983 I was instructed that the court would service the list. This court has jurisdiction over them all. The courts [sic] has this power. I am the victim.

(Resp. at 6.)  The Court construes this statement to mean that Cross did not undertake to serve the Defendants because he believed that the Court would do it for him.  The Court finds this explanation insufficient to avoid dismissal.

The Federal Rules of Civil Procedure specifically provide that "[t]he plaintiff is responsible for service of a summons and complaint within the time allowed under subdivision(m) and shall furnish the person effecting service with the necessary copies of the summons and complaint."  Fed. R. Civ. P. 4(c)(1).  Although the Rules further provide that "the court may direct that service be effected by a United States marshal," the plaintiff must request such an order.  Fed. R. Civ. P. 4(c)(2).  No such request has been made in this case.

Cross, having paid the filing fee in this case, is not proceeding in forma pauperis.  Neither is he incarcerated.  Thus, he is not automatically entitled to have service effected by a United States Marshal; rather, as Rule 4(c)(1) directs, he must undertake to effect service on his own.  Here, Cross has failed to do so.  Moreover, he has failed to show good cause for his failure to do so.  His explanation that the court would effect service is insufficient.  Accordingly, the Court hereby directs that this case be dismissed without prejudice.

**SO ORDERED**, this the 30th day of June, 2005.

                                        **s/ Hugh Lawson**
                                        **HUGH LAWSON, JUDGE**

mls